UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AHMAD HAYWARD,

    Plaintiff,

v.                          Case No: 2:14-cv-244-FtM-29MRM

LEE COUNTY SHERIFF'S OFFICE,
RYAN LOWE, KEITH DUNN, and
RICH SNYDER,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on review of defendants' Amended Motion to Dismiss (Doc. #38) filed on December 9, 2016. Plaintiff filed a Reply[1] to Defendants' Amended Motion to Dismiss (Doc. #44) on January 13, 2017. On January 19, 2017, with leave of Court, Defendants filed a Reply to Response to Amended Motion to Dismiss. (Doc. #50.) For the reasons set forth below, the defendants' Amended Motion to Dismiss is granted in part and denied in part.

**I.**

The relevant facts, according to the Complaint, are as follows: On February 13, 2009, plaintiff, accompanied by a friend, Patrick Towns (Towns), drove to Fort Myers Beach to pick up money owed to

---

[1] While plaintiff titled this a Reply, it is his initial response to defendants' Amended Motion to Dismiss.

an acquaintance of plaintiff from an unknown person. (Doc. #1, ¶¶ 8-13.) Plaintiff was unaware that the Lee County Sheriff's Office was working with a confidential informant, and the meeting was part of an anticipated drug deal. (Id. ¶¶ 14-17.) Plaintiff arrived at the designated location, but left without making contact with anyone. (Id. ¶ 16.) Defendant officers stopped and detained plaintiff, even though they did not have a physical description of plaintiff and his vehicle did not match the description of the anticipated drug supplier's vehicle. (Id. ¶¶ 22-23.) When asked by officers, plaintiff denied having drugs in the vehicle. (Id. ¶¶ 24-25.) A K-9 search of the vehicle did not disclose any drugs. (Id. ¶¶ 26-27.)

Despite not locating any drugs on plaintiff's person, Towns' person, or in the vehicle, defendants took Hayward and Towns into custody and seized the vehicle. (Id. ¶¶ 27, 29-30.) When questioned at the police station, plaintiff denied any involvement with drugs and invoked his right to counsel. (Id. ¶¶ 31-32.) A second search of the vehicle again did not reveal any drugs. (Id. ¶ 33.)

Towns denied knowledge of any drugs when initially questioned at the station by defendants. (Id. at ¶ 34.) Later, however, in exchange for immunity, Towns admitted that his previous statement was false and confessed that drugs were hidden in the headliner of plaintiff's vehicle. (Id. ¶¶ 35-37.) Acting on this information, defendants searched the vehicle a third time and located heroin in

the headliner. (Id. ¶ 38.) Towns was then released from custody. (Id. ¶ 39.)

Plaintiff was charged with "conspiracy to traffic, traffic in heroin, public order crime, and driving while license was suspended or revoked." (Id. ¶ 40.) Towns subsequently signed a notarized statement stating that he had previously lied to the defendants, that the drugs found in the vehicle in fact belonged to him, and that plaintiff had no knowledge of the drugs. (Id. ¶ 41.) Plaintiff was acquitted by a jury of the drug trafficking charge on August 12, 2010. (Id. ¶ 43.)

On May 5, 2014,[2] plaintiff filed this federal action asserting claims against defendants Ryan Lowe (Lowe), Keith Dunn (Dunn), Rich Snyder (Snyder) for illegal search (Count I), illegal seizure (Count II), false arrest (Count III), and civil conspiracy (Count IV), and seeking to impose respondeat superior liability on Lee County Sheriff's Department (Count V). (Id. ¶¶ 46-63.) Count I alleges that defendants stopped the vehicle and searched plaintiff and the vehicle in violation of the Fourth Amendment. (Id. ¶¶ 46-49.) Count II alleges that defendants illegally seized plaintiff in violation of the Fourth Amendment by taking plaintiff into custody when the facts did not justify such a seizure. (Id. ¶¶ 50-53.)

---

[2] Due to a monthly payment arrangement set forth for plaintiff to pay the full filing fee (Doc. #15), summonses were not issued until September 2016 (Docs. ##22-25), and defendants waived service of the summonses in October 2016 (Docs. ##26-29).

Count III alleges that defendants violated Florida law by arresting plaintiff based on false pretenses and without just cause or exigent circumstances. (Id. ¶¶ 54-56.) Count IV alleges that defendants conspired to violate plaintiff's state and federal rights by stopping, searching, seizing, and falsely arresting plaintiff. (Id. ¶¶ 57-60.) Count V alleges that the Lee County Sheriff's Office is liable under respondeat superior for the actions of the deputies. (Id. ¶¶ 61-63.)

Defendants move to dismiss plaintiff's Complaint in its entirety as barred by the applicable statutes of limitations. (Doc. #38.) Plaintiff responds that his claims are not time-barred because the statutes of limitations did not begin to run until he was acquitted in the state court jury trial. (Doc. #44, ¶ 5.) Alternatively, plaintiff argues that equitable tolling saves his otherwise untimely claims. (Id. ¶ 7.)

**II.**

Generally, the existence of an affirmative defense will not support a motion to dismiss because a plaintiff is not required to negate an affirmative defense in his complaint. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). A complaint may be dismissed, however, when the existence of an affirmative defense "clearly appears on the face of the complaint." Quiller v. Baraclays Am./Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984). See also La Grasta, 358 F.3d at 845 ("[A] Rule 12(b)(6) dismissal

4

on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred" (quoting Omar ex rel. Cannon v. Lindsey, 334 F.3d 1246, 1251 (11th Cir. 2003)); Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008)(same). "At the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute." Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1288 n.13 (11th Cir. 2005).

Because the Plaintiff is proceeding pro se, the Court reads his pleadings liberally and adopts a less stringent standard than for one drafted by an attorney. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015). "This liberal construction, however, does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Hickman v. Hickman, 563 F. App'x 742, 743 (11th Cir. 2014) (internal quotation marks and citations omitted).

## III.

It appears that Counts I and II allege violations of the Fourth Amendment pursuant to 42 U.S.C. § 1983.[3] (Doc. #1, pp. 9-10.) Count

---

[3] Count I alleges that defendants stopped the vehicle and searched plaintiff and the vehicle in violation of the Fourth Amendment, (Doc. #1, p. 9); Count II alleges that defendants illegally seized plaintiff in violation of the Fourth Amendment by taking plaintiff into custody with the required probable cause, (id. at 9-10).

5

III alleges a state law claim for false arrest. (Id. at 10.) Count IV appears to allege a civil conspiracy under § 1983 to violate plaintiff's state and federal rights by stopping, searching, seizing, and falsely arresting plaintiff. (Id. at 11.) Count V alleges that the Lee County Sheriff's Office is liable under *respondeat superior* for the actions of the deputies, apparently under § 1983. (Id. at 11-12.)

**A. Length of Statutes of Limitations**

The parties agree that the applicable statutes of limitations period for each of Plaintiff's causes of actions is four years. (Doc. #38, p. 5; Doc. #44, ¶ 4.) The Court agrees.

The statute of limitations for a § 1983 cause of action is that "which the State provides for personal-injury torts". Wallace v. Kato, 549 U.S. 384, 387 (2007) (citation omitted). "All constitutional claims brought under § 1983 are tort actions and, thus, are subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." Boyd v. Warden, 856 F.3d 853, 872 (11th Cir. 2017). See also DeYoung v. Owens, 646 F.3d 1319, 1324 (11th Cir. 2011); McNair v. Allen, 515 F.3d 1168, 1173 (11th Cir. 2008). In Florida, the statute of limitations for personal injury actions is four years. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003) ("Florida's four-year statute of limitations applies to such claims of deprivations of rights under 42 U.S.C. [§] 1983 . . . ." (citation

6

omitted)). The statute of limitations period for a Florida state law claim of false arrest is also four years. Fla. Stat. § 95.11(3)(o); Harris v. Goderick, 608 F. App'x 760, 763–64 (11th Cir. 2015).

**B. Date(s) of Accrual**

While state law governs the length of the statute of limitations in section 1983 cases, federal law determines when the section 1983 cause of action accrues i.e., when the statute of limitation begins to run. Neelley v. Walker, --- F. App'x ----, No. 16-11720, 2017 WL 359647, at *2 (11th Cir. Jan. 25, 2017) (citation omitted). "Under federal law, which governs the date of accrual, the statute of limitations begins to run when 'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" Betts v. Hall, --- F. App'x ----, No. 15-12872, 2017 WL 526055, at *2 (11th Cir. Feb. 9, 2017) (quoting Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987)).

Defendants assert that the statutes of limitations accrued and began to run for plaintiff's claims of illegal search, illegal seizure, false arrest, and civil conspiracy on February 13, 2009 – the date of the arrest. (Doc. #38, pp. 4-6.) Plaintiff argues that the statutes of limitations did not accrue on any of his claims until after his acquittal on August 12, 2010. (Doc. #44, p. 2.) The Court discusses each claim separately.

**(1) Count I: Fourth Amendment Seizures**

Count I alleges that defendants stopped the vehicle and searched plaintiff and the vehicle in violation of the Fourth Amendment. (Doc. #1, p. 8.) It is clear from the allegations that both the stop of the vehicle and the subsequent search of plaintiff and the vehicle were done without a warrant. It is also clear that both stopping a vehicle and searching it and the driver implicate the Fourth Amendment. United States v. McCullough, 851 F.3d 1194, 1201 (11th Cir. 2017).

As to Count I, the injury occurred when the alleged illegal search and seizure occurred, which was on February 13, 2009. On this date, it was clear that plaintiff had complete causes of actions for any Fourth Amendment violations involving the illegal seizure of the vehicle and himself or the search of the vehicle.[4] The statute of limitations thus expired on February 12, 2013. Because the Complaint was not filed until May 5, 2014, more than a year after statute of limitations had expired, Count I is barred by the statute of limitations unless it was tolled.

**(2) Count II: Federal False Arrest Claim**

Count II alleges that defendants illegally seized plaintiff in violation of the Fourth Amendment by taking plaintiff into custody

---

[4] The acts upon which Count I is based are discrete acts for which the continuing legal violation does not apply. Betts, 2017 WL 526055, at *2.

8

when the facts did not justify such a seizure. (Doc. #1, p. 9.) This is essentially a federal claim for false arrest, which arises when an arrest occurs without a warrant and without probable cause. Brown v. City of Huntsville, 608 F.3d 724, 734 (11th Cir. 2010). A false arrest is a violation of the Fourth Amendment and is a viable claim under section 1983. Ortega v. Christian, 85 F.3d 1521, 1525–26 (11th Cir. 1996).

The statute of limitations begins to run for a federal false arrest claim when the false imprisonment comes to an end. White v. Hiers, 652 F. App'x 784, 786 (11th Cir. 2016) (citing Wallace, 549 U.S. at 388, 389). "[A] false imprisonment ends once the plaintiff becomes held pursuant to [legal] process —when, for example, he is bound over by a magistrate or arraigned on charges." Wallace, 549 U.S. at 389 (emphasis omitted).

Therefore, the statute of limitations began to run for plaintiff's federal false arrest claim when he was held pursuant to legal process – "when, for example, he is bound over by a magistrate or arraigned on charges." See id. The parties have not provided this Court with the date that plaintiff was held pursuant to legal process. Because the Court cannot determine that plaintiff's claim for false arrest is untimely by examining the face of plaintiff's

Complaint, defendants' Amended Motion to Dismiss as to Count II is denied.[5]

**(3) Count III: State Law Claim of False Arrest**

Count III alleges that defendants violated Florida law by arresting plaintiff based on false pretenses and without just cause or exigent circumstances. (Doc. #1, p. 10.)

Florida state law claims for false arrest accrue on the date of the arrest. Scullock v. Gee, 161 So. 3d 421, 422 (Fla. 2d DCA 2014); Leatherwood v. City of Key West, 347 So. 2d 441, 442 (Fla. 3d DCA 1977).

Plaintiff was arrested on February 13, 2009. The underlying Complaint was not filed until May 5, 2014—more than a year after the statute of limitations had run. Therefore, unless tolled, Count III is barred by the applicable statute of limitations.

**(4) Count VI: Conspiracy to Violate Civil Rights**

Count IV alleges that defendants conspired to violate plaintiff's state and federal rights by stopping, searching, seizing, and falsely arresting plaintiff. (Doc. #1, p. 11.)

---

[5] In asserting that plaintiff's the statute of limitations for his cause of action did not begin to run until he was acquitted and released from custody, plaintiff relies on Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff's reliance is misplaced because the claim at issue in Heck was synonymous to a claim for malicious prosecution, id. at 489-90, and the Supreme Court in Wallace declined to extend Heck to claims of false arrest, Wallace, 549 U.S. at 397.

10

As for plaintiff's civil conspiracy cause of action, the Complaint alleges that defendants Lowe, Snyder, and Dunn conspired to violate his state and federal rights by "stopping, searching, seizing, and falsely arresting him." (Id. ¶¶ 57-60.) The last element constituting this cause of action for civil conspiracy "will necessarily be injury to the plaintiff." Armbrister v. Roland Int'l Corp., 667 F. Supp. 802, 809 (M.D. Fla. 1988). Therefore, because plaintiff, at least in part, bases his civil conspiracy claim on his allegations of false arrest, the injury for which potentially lasted until plaintiff was held pursuant to legal process, the Court is unable to determine when the statute of limitations began to run based upon the four corners of the Complaint. Accordingly, defendants' Amended Motion to Dismiss as to Count IV is denied.

**(5) Count V: Respondeat Superior Liability**

Count V alleges that the Lee County Sheriff's Office is liable under *respondeat superior* for the actions of the deputies. (Doc. #1, p. 11-12.)

Claims of respondeat superior attempt to impose liability based upon conduct of another and therefore the applicable statute of limitations is that which applies to the underlying theory of liability or cause of action. See D.M.S. v. Barber, 645 N.W.2d 383, 390 (Minn. 2002). Here, the Court has held that Count I and III are untimely, unless tolled. Therefore any attempt to assert respondeat superior liability based on these claims are also

untimely unless tolled. As for plaintiff's respondeat superior claim based on plaintiff's federal false arrest claim,[6] the Court is unable to determine that this is barred by the statute of limitations based on the four corners of the Complaint. Therefore, defendants' Amended Motion to Dismiss as to Count V is denied.

**C. Equitable Tolling**

Plaintiff next asserts that he is entitled to equitable tolling to save his otherwise untimely claims. (Doc. #44, pp. 3-4.) Specifically, plaintiff asserts that he is entitled to equitable tolling for two reasons: (1) defendants "falsified documents in connection with Plaintiff's arrest, seizure, and the search performed upon him," and (2) "the State of Florida has adopted a strong preference against litigation and in favor of presuit settlement of disputes" therefore efforts at presuit disposition should act to "toll the limitations period while and until the Defendants reject the possibility of presuit disposition or, when no response is given, a reasonable time after the presuit notice is served." (Id. at 3-4.)

---

[6] It is well-established that section 1983 actions cannot be based on respondeat superior liability. Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (citation omitted). However, supervisors can be liable for acts of others under some circumstances. Cottone v. Jenne, 326 F.3d 1352, 1360-61 (11th Cir. 2003). Although titled respondeat superior, it appears that Count V contains allegations aimed at establishing supervisory liability. (Doc. #1, pp. 8, 11-12.)

"We look to state law for statutory tolling rules in § 1983 actions." Seibert v. Comm'r, --- F. App'x ----, No. 15-10501, 2017 WL 710437, at *2 (11th Cir. Feb. 23, 2017) (citing Wallace, 549 U.S. at 394)). Florida Statute section 95.051 lists the following circumstances for which a party may be entitled to equitable tolling:

> (1) The running of the time under any statute of limitations except ss. 95.281, 95.35, and 95.36 is tolled by:
> (a) Absence from the state of the person to be sued.
> (b) Use by the person to be sued of a false name that is unknown to the person entitled to sue so that process cannot be served on the person to be sued.
> (c) Concealment in the state of the person to be sued so that process cannot be served on him or her.
> (d) The adjudicated incapacity, before the cause of action accrued, of the person entitled to sue. In any event, the action must be begun within 7 years after the act, event, or occurrence giving rise to the cause of action.
> (e) Voluntary payments by the alleged father of the child in paternity actions during the time of the payments.
> (f) The payment of any part of the principal or interest of any obligation or liability founded on a written instrument.
> (g) The pendency of any arbitral proceeding pertaining to a dispute that is the subject of the action.
> (h) The period of an intervening bankruptcy tolls the expiration period of a tax certificate under s. 197.482 and any proceeding or process under chapter 197.
> (i) The minority or previously adjudicated incapacity of the person entitled to sue during any period of time in which a parent, guardian, or guardian ad litem does not exist, has an interest adverse to the minor or incapacitated

> person, or is adjudicated to be incapacitated to sue; except with respect to the statute of limitations for a claim for medical malpractice as provided in s. 95.11. In any event, the action must be begun within 7 years after the act, event, or occurrence giving rise to the cause of action.

Fla. Stat. § 95.051. None of plaintiff's bases for equitable tolling fit into those set forth in the statute.

Plaintiff asserts, vaguely, that defendants concealed "their misconduct and malicious deeds," and that "[s]uch concealment hindered Plaintiff's ability to discover the underlying truth to support Plaintiff's claims until he filed his initial Complaint." (Doc. #44, p. 3.) Plaintiff's allegations of concealment seem to either attempt to present a claim of fraudulent concealment[7] to toll the statute of limitations or an equitable estoppel[8] argument to prevent defendants from utilizing the statute of limitations. Either way, the Court does not find that his allegations warrant tolling or estoppel. Plaintiff alleges that documents were falsified that precluded him from determining the truth, which in

---

[7] Florida case law is unclear whether it recognizes the doctrine of fraudulent concealment. Some courts hold that fraudulent concealment is not listed as a basis to toll the statute of limitations in Florida Statute section 95.051 and is therefore unavailable, while others have read concealment of a cause of action (as opposed to concealment of a tortfeasor's identity) into Florida Statute section 95.051(1)(c). See Carroll v. TheStreet.com, Inc., No. 11-CV-81173, 2014 WL 5474061, at *5 (S.D. Fla. July 10, 2014).

[8] The Florida Supreme Court has ruled that equitable estoppel is still recognized under Florida law. Major League Baseball v. Morsani, 790 So. 2d 1071, 1080 (Fla. 2001).

turn prevented him from filing his Complaint in a timely fashion. Plaintiff does not provide any specifics as to what was falsified and how it prevented him from filing his Complaint.

The Court finds that regardless of any alleged falsified documents, plaintiff should have known that he had claims at the time the defendants searched and seized him and his vehicle. False documents would not have concealed the facts as they existed at the time of his search and seizure as set forth in the Complaint. Therefore, the Court finds that even if it were to allow plaintiff to amend his Complaint to include allegations regarding these falsifications, such amendment would be futile because plaintiff is not entitled to tolling or estoppel of the statute of limitations for the causes of actions set forth in his Complaint on the bases set forth in his Response.

The Court also finds that there is no basis to toll the statute of limitations during the time of pre-suit negotiations as requested by defendant. Therefore the Court declines to toll the statute of limitations on this basis.

Accordingly, it is now

**ORDERED:**

1. Defendants' Amended Motion to Dismiss (Doc. #38) is **granted in part and denied in part.**
2. Counts I and III are **dismissed with prejudice**; the Amended Motion to Dismiss is **otherwise denied.**

3. Defendants shall file a responsive pleading to plaintiff's Complaint within **fourteen (14) days** of the date of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __30th__ day of June, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies: Parties of Record