```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

AHMAD HAYWARD,

    Plaintiff,

v.                                Case No:  2:14-cv-244-FtM-29MRM

LEE COUNTY SHERIFF'S OFFICE,
RYAN LOWE, KEITH DUNN, and
RICH SNYDER,

    Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on defendants' Motion for Judgment on the Pleadings (Doc. #54) filed on July 20, 2017. Plaintiff filed a Response on September 25, 2017. (Doc. #58.) For the reasons set forth below, defendants' Motion for Judgment on the Pleadings (Doc. #54) is granted.

**I.**

On February 13, 2009, Ahmad Hayward (plaintiff), accompanied by a friend, Patrick Towns (Towns), drove to Fort Myers Beach to pick up money from an unknown person. (Doc. #1, ¶¶ 7-13.) Plaintiff was unaware that the Lee County Sheriff's Office was working with a confidential informant, and that the meeting was part of an anticipated drug deal. (Id. ¶¶ 14-17.) Defendant officers stopped and detained plaintiff, even though they did not have a physical description of plaintiff and his vehicle did not

match the description of the anticipated drug supplier's vehicle. (Id. ¶¶ 22-23.) When asked by officers, plaintiff denied having drugs in the vehicle. (Id. ¶¶ 24-25.) A K-9 search of the vehicle did not disclose any drugs. (Id. ¶¶ 26-27.)

Despite not locating any drugs on plaintiff's person, Towns' person, or in the vehicle, defendants took Hayward and Towns into custody and seized the vehicle. (Id. ¶¶ 27, 29-30.) When questioned at the police station, plaintiff denied any involvement with drugs and invoked his right to counsel. (Id. ¶¶ 31-32.) A second search of the vehicle again did not reveal any drugs. (Id. ¶ 33.) Later, in exchange for immunity, Towns admitted that his previous statement was false and confessed that drugs were hidden in the headliner of plaintiff's vehicle. (Id. ¶¶ 35-37.) Acting on this information, defendants searched the vehicle a third time and located heroin in the headliner. (Id. ¶ 38.) Towns was then released from custody. (Id. ¶ 39.)

Plaintiff was charged with "conspiracy to traffic, traffic in heroin, public order crime, and driving while license was suspended or revoked." (Id. ¶ 40.) Towns subsequently signed a notarized statement stating that he had lied to the defendants, that the drugs found in the vehicle in fact belonged to him, and that plaintiff had no knowledge of the drugs. (Id. ¶ 41.) Plaintiff was acquitted by a jury of the drug trafficking charge on August 12, 2010. (Id. ¶ 43.)

On May 5, 2014, plaintiff filed a Complaint (Doc. #1) asserting claims against defendants Ryan Lowe (Lowe), Keith Dunn (Dunn), and Rich Snyder (Snyder) for illegal search (Count I), illegal seizure (Count II), false arrest (Count III), civil conspiracy (Count IV), and seeking to impose respondeat superior liability on Lee County Sheriff's Department (Count V). (Id. ¶¶ 46-63.) On June 30, 2017, this Court granted in part defendants' Amended Motion to Dismiss, and dismissed Counts I and III with prejudice. (Doc. #52.) On July 20, 2017, defendants filed a Motion for Judgment on the Pleadings, seeking judgment on the remaining counts — Counts II, IV, and V. (Doc. #54.)

**II.**

The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998); e.g., Betts v. Hall, No. 3:14cv33/MCR/EMT, 2015 WL 3447500, at *5 & n.2 (N.D. Fla. May 27, 2015). Public records are among the permissible facts that a district court may take judicial notice of and consider when ruling on a motion for judgment on the pleadings. See Bryant v. Avado

Brands, Inc., 187 F.3d 1271, 1279-80 (11th Cir. 1999); Blue Hill Invs., Ltd. v. Silva, No. 1:15-CV-20733-KKM, 2015 WL 9319394, at *2 (S.D. Fla. Dec. 23, 2015).

When reviewing a motion for judgment on the pleadings, the court must view the facts in a light most favorable to the nonmoving party. Hawthorne, 140 F.3d at 1370. A judgment on the pleadings can be granted only if the nonmoving party can prove no set of facts which would allow it to prevail. Palmer & Cay, Inc. v. Marsh & McLennan Cos., Inc., 404 F.3d 1297, 1303 (11th Cir. 2005) (citations omitted).

Because the plaintiff is proceeding pro se, the Court reads his pleadings liberally and adopts a less stringent standard than it would for one drafted by an attorney. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1007 (11th Cir. 2015). Pro se parties are still required to conform to the procedural rules. Hickman v. Hickman, 563 F. App'x 742, 743 (11th Cir. 2014) (internal quotation marks and citations omitted).

Defendants request this Court to enter a judgment on the pleadings because the remaining counts of federal false arrest,[1]

---

[1] As previously stated, Count II alleges that defendants illegally seized plaintiff in violation of the Fourth Amendment by taking plaintiff into custody when the facts did not justify such a seizure. (Doc. #1, p. 9.) This is essentially a federal claim for false arrest, which arises when an arrest occurs without a warrant and without probable cause. Brown v. City of Huntsville, 608 F.3d 724, 734 (11th Cir. 2010).

civil conspiracy, and respondeat superior are barred by the applicable statute of limitations. (Doc. #54.)

**A. Length of Statutes of Limitations**

As previously discussed, the applicable statute of limitations for each of the plaintiff's causes of action is four years. (Doc. # 52, pp. 6-7); see Wallace v. Kato, 549 U.S. 384, 387 (2007) (stating that the statute of limitations for a § 1983 cause of action is that "which the State provides for personal-injury torts"); Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003) (stating "Florida's four-year statute of limitations applies to such claims of deprivation of rights under 42 U.S.C. [§] 1983"); Navarro v. City of Riviera Beach, 192 F. Supp. 3d 1353, 1364–65 (S.D. Fla. 2016) (four-year statute of limitations for claims of false arrest); Baez v. Root, No. 13-81158-CIV, 2014 WL 1414433, at *2 (S.D. Fla Apr., 11 2014) (citation omitted) (four year statute of limitations for civil conspiracy claims).

**B. Dates of Accrual**

Defendants assert that plaintiff's claim for federal false arrest accrued on March 12, 2009, and therefore the false arrest claim filed on May 5, 2014 is barred by the statute of limitations. (Doc. #54, pp. 4-5.)

It is well-established that while state law governs the length of the statute of limitations period, federal law governs the date it begins to run or accrue. Rozar v. Mullis, 85 F.3d 556, 561

(11th Cir. 1996). Under federal law, the statute of limitations period accrues when the plaintiff has "a complete and present cause of action." Wallace, 549 U.S. at 388 (internal citations omitted). The statute of limitations begins to run for a federal false arrest claim when the false imprisonment comes to an end. White v. Hiers, 652 F. App'x 784, 786 (11th Cir. 2016) (citing Wallace, 549 U.S. at 388, 389). "[A] false imprisonment ends once the victim becomes held pursuant to [legal] process —when, for example, he is bound over by a magistrate or arraigned on charges." Wallace, 549 U.S. at 389 (emphasis omitted).

In their Motion for Judgment on the Pleadings, defendants assert that the statute of limitations for plaintiff's federal false arrest claim began to run on March 12, 2009. (Doc. #54, pp. 3-4; Doc. #54-1.) Although this date was not within the four corners of plaintiff's Complaint, it is contained in public court records from plaintiff's state court criminal case. (Doc. #54, p. 4 n.1; Doc. #54-1.) Therefore, the Court takes judicial notice of the following dates, each of which is contained within the public records of the state court: (1) On February 14, 2009, plaintiff had an initial appearance where the magistrate judge reviewed plaintiff's charges and fixed the amount of his bond, and plaintiff was bound over for arraignment on bond; (2) On March 12, 2009, a public defender entered a notice of appearance and plaintiff entered a plea of not guilty; (3) On June 15, 2009,

plaintiff waived his arraignment.  Regardless of the specific date utilized, plaintiff did not file his Complaint until May 5, 2014, more than a year after the applicable statute of limitations had run for his federal false arrest claim.  White, 652 F. App'x at 786 (finding statute of limitations began to run on date magistrate judge reviewed charges, fixed amount of bond, and plaintiff was release on bail).  As a result, the Court finds that Count II is barred by the statute of limitations, unless plaintiff is entitled to equitable tolling.

Additionally, because the only remaining portions of plaintiff's claims for civil conspiracy and respondeat superior are those relating to plaintiff's federal false arrest claims, counts IV and V are also barred by the statute of limitations, unless tolled.  (Doc. #52, pp. 10-12.)  As discussed previously, the last element constituting a cause of action for civil conspiracy "will necessarily be the injury to the plaintiff." Armbrister v. Roland Int'l Corp., 667 F. Supp. 802, 809 (M.D. Fla. 1988).  Plaintiff bases his civil conspiracy claim on his allegations of false arrest, the injury for which potentially lasted until plaintiff was held pursuant to legal process. Therefore, plaintiff's claim for civil conspiracy is barred by the statute of limitations.  Similarly, any attempt to assert respondeat superior liability based on the federal false arrest claim is also untimely unless tolled.

**C. Equitable Tolling**

As previously discussed by this Court, "we look to state law for statutory tolling rules in § 1983 actions." Seibert v. Comm'r, Ga. Dep't of Corr., 680 F. App'x 837, 839 (11th Cir. 2017). Florida Statute § 95.051 lists the following circumstances for which a party may be entitled to equitable tolling:

> (1) The running of the time under any statute of limitations except ss. 95.281, 95.35, and 95.36 is tolled by:
> (a) Absence from the state of the person to be sued.
> (b) Use by the person to be sued of a false name that is unknown to the person entitled to sue so that process cannot be served on the person to be sued.
> (c) Concealment in the state of the person to be sued so that process cannot be served on him or her.
> (d) The adjudicated incapacity, before the cause of action accrued, of the person entitled to sue. In any event, the action must be begun within 7 years after the act, event, or occurrence giving rise to the cause of action.
> (e) Voluntary payments by the alleged father of the child in paternity actions during the time of the payments.
> (f) The payment of any part of the principal or interest of any obligation or liability founded on a written instrument.
> (g) The pendency of any arbitral proceeding pertaining to a dispute that is the subject of the action.
> (h) The period of an intervening bankruptcy tolls the expiration period of a tax certificate under s. 197.482 and any proceeding or process under chapter 197.
> (i) The minority or previously adjudicated incapacity of the person entitled to sue during any period of time in which a parent, guardian, or guardian ad litem does not exist,

> has an interest adverse to the minor or incapacitated person, or is adjudicated to be incapacitated to sue; except with respect to the statute of limitations for a claim for medical malpractice as provided in s. 95.11. In any event, the action must be begun within 7 years after the act, event, or occurrence giving rise to the cause of action.

Fla. Stat. § 95.051. As previously held, the Court does not find that plaintiff has set forth allegations to warrant tolling or estoppel. (Doc. #52, pp. 12-15.) Accordingly, the Court grants defendants' Motion for Judgment on the Pleadings. (Doc. #54.)

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendants' Motion for Judgment on the Pleadings (Doc. #54) is **GRANTED.**

2. The Clerk shall enter judgment in favor of defendants and against plaintiff, terminate all pending motions and deadlines, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __30th__ day of October, 2017.

/s/ John E. Steele
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record